## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, on behalf<br>of himself and all others similarly situated,<br>2020 Pennsylvania Ave. NW, Suite 800<br>Washington, DC 20006<br><br>and<br><br>CHARLES AND MARY ANN STRANGE, on behalf<br>of themselves and all others similarly situated,<br>Philadelphia, Pennsylvania<br><br>and<br><br>MICHAEL FERRARI, on behalf of himself<br>and all others similarly situated,<br>Santa Clara, CA<br><br>and<br><br>MATT GARRISON, on behalf of himself<br>and all others similarly situated,<br>Long Beach, CA<br><br>           Plaintiffs,<br>v.<br><br>BARACK HUSSEIN OBAMA II, individually<br>and in his professional capacity,<br>1600 Pennsylvania Ave. NW<br>Washington, DC 20500<br><br>and<br><br>ERIC HIMPTON HOLDER, JR., individually<br>and in his professional capacity as U.S. Attorney General,<br>555 Fourth St. NW<br>Washington, DC 20530<br><br>and<br><br>KEITH B. ALEXANDER, individually<br>and in his professional capacity,<br>Director of the National Security Agency, | Civil Action No.:<br><br><br>Filed as a related case to Civil<br>Action Nos.:<br><br>  13-cv-851-RJL<br><br>  13-cv-881-RJL |

1

9800 Savage Rd.
Fort Meade, MD 20755

and

ROGER VINSON, individually and
in his professional capacity,
Judge, U.S. Foreign Intelligence Surveillance Court
950 Pennsylvania Ave. NW
Washington, DC 20530

and

JAMES CLAPPER, individually
and in his professional capacity,
Director of National Intelligence,
Washington, DC 20511

and

JOHN O. BRENNAN, individually
and in his professional capacity,
Director of the Central Intelligence Agency,
Central Intelligence Agency
Washington, DC 20505

and

JAMES COMEY, individually,
and in his professional capacity
Director Of The Federal Bureau Of Investigation
Federal Bureau Of Investigation
935 Pennsylvania Avenue, NW
Washington, DC 20535

and

NATIONAL SECURITY AGENCY,
9800 Savage Rd.
Fort Meade, MD 20755

and

THE U.S. DEPARTMENT OF JUSTICE,
950 Pennsylvania Ave. NW
Washington, DC 20530

and

FEDERAL BUREAU OF INVESTIGATION
935 Pennsylvania Avenue, NW
Washington, DC 20535

and

CENTRAL INTELLIGENCE AGENCY
Washington, DC 20505

                             Defendants.

## CLASS ACTION COMPLAINT

     Plaintiffs, Larry Klayman, Charles and Mary Ann Strange, Michael Ferrari, and Matt Garrison, (collectively "Plaintiffs") bring this action on their own behalf and on behalf of a class of persons defined below. Plaintiffs hereby sue Barack Hussein Obama, Eric Holder, Keith B. Alexander, Roger Vinson, James Clapper, John O. Brennan, James Comey, the Federal Bureau of Investigation ("FBI"), the Central Intelligence Agency ("CIA"), the U.S. Department of Justice ("DOJ"), and the National Security Agency ("NSA"), (collectively "Defendants"), in their personal and official capacities, for violating Plaintiffs' constitutional rights as a result of the below pled illegal and criminal acts. Plaintiffs and members of the class pled below allege as follows:

## INTRODUCTION

1.    This is an action for monetary, declaratory, equitable, and injunctive relief as a result of the U.S. Government's illegal and unconstitutional use of an electronic surveillance program in violation of the First, Fourth, and Fifth Amendments of the U.S. Constitution. In addition, this lawsuit challenges and the Plaintiffs sue the Government's expansive acquisition of Plaintiffs' telephone and internet records under Section 215 of the Patriot Act, 50 U.S.C. §1860 and the legality of a secret and illegal Government scheme to

intercept and analyze vast quantities of communications from Internet and electronic service providers.

2.    The NSA's classified surveillance program, referred to as "PRISM," is an internal Government computer system, authorized by Section 702 of the Foreign Intelligence Surveillance Act ("FISA") (50 U.S.C. § 1881a), and used to manage domestic and foreign intelligence collected from the internet and other electronic service provides. Government officials have indicated this program has been in place for seven years and that it collects records of all communications companies including Google, Yahoo!, Facebook, PalTalk, YouTube, Skype, AOL, and Apple, Verizon, AT&T, and Sprint.

3.    Moreover, the Government has acknowledged that it is collecting "metadata" about every phone call made or received by residents of the United States, and these records provide intricate details, including the identity of the individual who was spoken to, the length of time of the conversation, and where the conversation took place. Moreover, it gives the Government a comprehensive record of an individual's associations, speech, and public movements while revealing personal details about an individual's familial, political, professional, religious, and intimate associations.

4.    For example, recently, the Government ordered access to Verizon's electronic copies of the following tangible things: all call detail records or "telephony metadata" created by Verizon for communications (i) between the United States and abroad; or (ii) wholly within the United States, including local telephone calls. Such telephony metadata includes comprehensive communications routing information, including but not limited to session identifying information (e.g. originating and terminating telephone number, International Mobile Subscriber Identity (IMSI) number, International Mobile station

Equipment Identity (IMEI) number, etc.) trunk identifier, telephone calling card numbers, and time and duration of call. (As a result of the blatant intrusion and violation of privacy rights, in a related case, a Class Action Complaint was filed against Verizon, Civil Action No.: 1:13-cv-00851).

5.  On June 5, 2013, The Guardian published an article entitled, "NSA collecting phone records of millions of Verizon customers daily. Exclusive: Top secret court order requiring Verizon to hand over all call data shows scale of domestic surveillance under Obama." The U.S. Government, on the orders authorization of the President, the Attorney General, the DOJ and the NSA, obtained a top secret court order ("Verizon Order") that directs Verizon to turn over the telephone records of over one hundred million Americans to the NSA on an ongoing daily basis. Based on knowledge and belief, this Verizon Order is the broadest surveillance order to ever have been issued; it requires no level of reasonable suspicion or probable cause and incredibly applies to all Verizon subscribers and users anywhere in the United States and overseas.

6.  Prior to this disclosure and revelation, Plaintiffs and class members had no notice and no reasonable opportunity to discover the existence of the surveillance program or the violation of the laws alleged herein.

7.  Additionally, the NSA and the FBI reportedly siphoned personal data from the main computer servers of major U.S. Internet firms, including Microsoft (Hotmail, etc.), Google, Yahoo!, Facebook, PalTalk, YouTube, Skype, AOL, and Apple. The information the NSA receives in the surveillance and collection of stored communications include, E-mails, chat (video/voice), videos, photos, stored data, VoIP, file transfers, video

conferencing, notification of target activity (i.e. logins, etc.), online social networking details, and other special requests.

8.    More recently, it has come to light that through a Government program entitled "MUSCULAR," the FBI, CIA, and NSA have been intercepting information from internet companies such as Google and Yahoo! as it travels over fiber optic cables from one data center to another.

9.    Such broad and intrusive collections and surveillance tactics directly violate the U.S. Constitution and also federal laws, including, but not limited to, the outrageous breach of privacy, freedom of speech, freedom of association and the due process rights of American citizens. Plaintiffs and members of the class are suing for damages, declaratory, equitable, and injunctive relief to stop this illegal conduct and hold Defendants, individually and collectively, responsible for their illegal surveillance, which has violated the law and damaged the fundamental freedoms of American citizens.

## THE PARTIES

10.   Plaintiff Larry Klayman is an individual and an attorney who is a subscriber and user of Verizon Communications, Vonage, Apple, Microsoft, YouTube, Yahoo, Google, Facebook, AT&T, and Skype at all material times. Klayman routinely communicates with members of the public as well as journalists and associates by telephonic communications and electronic messages through Facebook, Google, Apple, and Skype. Klayman's communications, particularly as an attorney, are sensitive and often privileged. Plaintiff Klayman resided in the District of Columbia ("D.C") for over twenty years and continues to conduct business in Washington, D.C. as the Chairman and General Counsel of Freedom Watch and otherwise. Plaintiff Larry Klayman is a public advocate and has filed lawsuits against President Obama and has been highly critical of

the Obama administration as a whole. On information and belief, Defendants have accessed the records pertaining to Plaintiff Klayman.

11.     Plaintiffs Charles Strange and Mary Ann Strange are individuals and the parents of Michael Strange, a member of Navy SEAL Team VI who was killed when the helicopter he was in was attacked and shot down by terrorist Taliban jihadists in Afghanistan on August 6, 2011. Plaintiffs Charles and Mary Ann Strange are consumers, subscribers, and users of Verizon Communications, Google/Gmail, Yahoo, Facebook, AOL, and YouTube. On information and belief, Defendants have accessed Plaintiff Stranges' records particularly since these Plaintiffs have been vocal about their criticism of President Obama as commander-in-chief, his administration, and the U.S. military regarding the circumstances surrounding the shoot down of their son's helicopter in Afghanistan, which resulted in the death of his son and other Navy Seal Team VI members and special operation forces. Plaintiffs Charles Strange and Mary Ann Strange have substantial connections with Washington, D.C., as they hold press conferences in Washington, D.C. and lobby in Washington, D.C. as advocates for Michael Strange and to obtain justice for him, as well as to change the policies and orders of President Obama and the U.S. military's acts and practices, which contributed to Michael Strange's death.

12.     Plaintiff Ferrari is an individual who is a subscriber, consumer, and user of Sprint, Google/Gmail, Yahoo!, and Apple. As a prominent private investigator, Ferrari regularly communicates, both telephonically and electronically, with associates and other members of the public, regarding various matters including work-related discussions. Additionally, Ferrari's emails contain private details, discussions, and communications. Similarly, Ferrari's Apple product may contain confidential documents and information.

13. Plaintiff Garrison is an individual who is a consumer and user of Facebook, Google, YouTube, and Microsoft products. Plaintiff Garrison is required to use his computer, which contains Microsoft programming, for personal matters as well as work related matters, as a prominent private investigator. Plaintiff stores various documents and records on his computer, which are private records.

14. Defendant Barack Hussein Obama ("Obama") is the President of the United States and currently resides in Washington, D.C.

15. Defendant Eric Holder ("Holder") is the Attorney General of the United States and conducts his duties as the Attorney General in Washington, D.C.

16. Defendant Keith B. Alexander ("Alexander") is the Director of the National Security Agency. He is also the commander of the U.S. Cyber Command, where he is responsible for planning, coordinating, and conducting operations of computer networks. He is also at the command for U.S. National Security Information system protection responsibilities. He conducts his duties for the National Security Agency in Washington, D.C.

17. Defendant Roger Vinson ("Vinson") is a judge to the U.S. Foreign Intelligence Surveillance Court.

18. Defendant James Clapper ("Clapper") is currently the Director of National Security and conducts his duties as the Director of National Security in Washington, D.C.

19. Defendant John O. Brennan ("Brennan") is currently the Director of the Central Intelligence Agency and conducts his duties in Washington, D.C.

20. Defendant James Comey ("Comey") is currently the Director of the Federal Bureau of Investigation and conducts his duties in Washington, D.C.

21.     Defendant National Security Agency ("NSA") is an intelligence agency of the U.S.
        Department of Defense and conducts its duties in Washington, D.C.

22.     Defendant U.S. Department of Justice ("DOJ") is a U.S. federal executive department
        responsible for the enforcement of the law and administration of justice, and its
        headquarters is located in Washington, D.C., where it conducts most of its activities and
        business.

23.     Defendant Central Intelligence Agency ("CIA") is a U.S. Government agency responsible
        for providing national security intelligence to senior U.S. policymakers and conducts its
        duties in Washington, D.C.

24.     Defendant Federal Bureau of Investigation ("FBI") is a U.S. Governmental agency
        belonging to the U.S. Department of Justice that services as an internal intelligence
        agency and conducts its duties in Washington, D.C.

25.     All of these Defendants, each and every one of them, jointly and severally, acted in
        concert to violate the constitutional privacy rights, free speech, freedom of association,
        due process and other legal rights of Plaintiffs and all other American citizens similarly
        situated who are members of the classes pled herein.

## JURISDICTION AND VENUE

26.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331
        (Federal Question Jurisdiction).

27.     Jurisdiction and venue are proper pursuant to 28 U.S.C. §1331, which states in pertinent
        part, "[t]he district courts shall have original jurisdiction of all civil actions arising under
        the Constitution, laws, or treaties of the United States." At issue here is the
        unconstitutional violation of Plaintiffs' rights under the First, Fourth, and Fifth
        Amendments to the U.S. Constitution.

28.   Supplemental jurisdiction is also proper under 28 U.S.C. §1367, which states in pertinent part, " . . .in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

29.   Plaintiffs are informed, believe and thereon allege that, based on the places of business of the Defendants and/or on the national reach of Defendants, a substantial part of the events giving rise to the claims herein alleged occurred in this district and that Defendants and/or agents of Defendants may be found in this district.

### STANDING

30.   Plaintiffs and members of the class bring this action because they have been directly affected, victimized and severely damaged by the unlawful conduct complained herein. Their injuries are proximately related to the egregious, illegal and criminal acts of Defendants Obama, Holder, Alexander, Comey, Brennan, Vinson, Clapper, FBI, CIA, DOJ and NSA, each and every one of them, jointly and severely, acting in their personal and official capacities.

### STATEMENT OF FACTS

31.   Defendants, through the NSA and CIA, and with the participation of certain telecommunications and internet companies, has conducted surveillance and intelligence-gathering programs that collect certain data about the telephone and internet activity of American citizens within the United States.

32.   As recently discovered, the NSA began a classified surveillance program to intercept the telephone communications of persons inside the United States. On June 5, 2013, The

Guardian reported the first of several "leaks" of classified material from Edward Snowden, a former NSA contract employee which have revealed – and continue to reveal—multiple U.S. Government intelligence collection and surveillance programs. Specifically, The Guardian published an article entitled, "NSA collecting phone records of millions of Verizon customers daily. Exclusive: Top secret court order requiring Verizon to hand over all call data shows scale of domestic surveillance under Obama."

33.    Specifically, on April 25, 2013, Defendant Judge Roger Vinson, acting in his official and personal capacities and under the authority of Defendant Obama, the Attorney General, the FBI, the NSA and the DOJ, ordered that the Custodian of Records of shall produce the production of tangible things from Verizon Business Network Services, Inc. on behalf of MCI Communication Services Inc., individually and collectively, to the NSA and continue production on an ongoing daily basis thereafter. Thus, the U.S. Government, on the orders authorization of the President, the Attorney General, the DOJ and the NSA, obtained a top secret court order that directs Verizon to turn over the telephone records of over one hundred million Americans to the NSA on an ongoing daily basis.

34.    Defendant Vinson ordered access to electronic copies of the following tangible things: all call detail records or "telephony metadata" created by Verizon for communications (i) between the United States and abroad; or (ii) wholly within the United States, including local telephone calls. Telephony metadata includes comprehensive communications routing information, including but not limited to session identifying information (e.g. originating and terminating telephone number, International Mobile Subscriber Identity (IMSI) number, International Mobile station Equipment Identity (IMEI) number, etc.) trunk identifier, telephone calling card numbers, and time and duration of call.

35.   Defendant Vinson's Order requires Verizon to turn over originating and terminating telephone numbers as well as the location, time, and duration of the calls. In essence, the Order gives the NSA blanket access to the records of over a hundred million of Verizon customers' domestic and foreign phone calls made between April 25, 2013, when the Order was signed, and July 19, 2013, when the Order is supposed to, on its face, expire.

36.   Based on knowledge and belief, this Order issued by Defendant Vinson is the broadest surveillance order to ever have been issued; it requires no level of reasonable suspicion or probable cause and incredibly applies to all Verizon subscribers and users anywhere in the United States and overseas.

37.   Defendant Vinson's Order shows for the first time that, under Defendant Obama's administration, the communication records of over one hundred million of U.S. citizens are being collected indiscriminately and in bulk - regardless of whether there is reasonable suspicion or any "probable cause" of any wrongdoing.

38.   Since June 5, 2013, Defendants have been widely condemned among American citizens regarding their failure to uphold the U.S. Constitution and intentionally violating the fundamental rights of Plaintiffs, members of the class, and over one hundred million of other Americans, particularly as new information comes to light regarding the Government's countless surveillance programs and intrusive overreaching tactics. As just one example, Senator Rand Paul called the surveillance of Verizon phone records "an astounding assault on the constitution," calling for a class action lawsuit such as this one.

39.   Such schemes by the Defendants in concert with the Government have subjected untold number of innocent people to the constant surveillance of Government agents. As Jameel Jaffer, the ACLU's deputy legal director, stated, "It is beyond Orwellian, and it provides

further evidence of the extent to which basic democratic rights are being surrendered in secret to the demands of unaccountable intelligence agencies." Recently the Court agreed, calling the Government's programs "almost Orwellian" and stating that the Court "cannot imagine a more 'indiscriminate' and 'arbitrary invasion' than this systematic and high-tech collection and retention of personal data on virtually every single citizen for purposes of querying it and analyzing it without judicial approval."

40.  To date, Defendants have not issued substantive and meaningful explanations to the American people describing what has occurred. Rather, on information and belief, the NSA, under the authorization of President Obama, continues to engage in a systematic program of warrantless eavesdropping upon phone and email communications of hundreds of millions of individuals, including American citizens and permanent legal residents, both within and outside of the U.S. The NSA surveillance program collects not only the identities of people's communications with the targets of surveillance, but also the contents of those communications.

41.  Such intrusive and illegal surveillance have directly impacted each and every Plaintiff. The revelation that the Government has been carrying on widespread warrantless interception of electronic communications has impaired Plaintiffs' ability to communicate via telephone, email, and otherwise on the internet, out of fear that their confidential, private, and often privileged communications are being and will be overheard by the NSA's surveillance program.

42.  The risk and knowledge that Plaintiffs' telephonic, and internet conversations may be overheard, undoubtedly chills speech, in violation of Plaintiffs' First Amendment rights.

## CLASS ACTION ALLEGATIONS

43.     Pursuant to Federal Rules of Civil Procedure, Rule 23(a) and Rule 23(b), Plaintiffs bring

this action on behalf of themselves and a nationwide class (the "Nationwide Class") of

similarly situated persons defined as: American citizens who are subscribers, users,

and/or consumers of Facebook, Google, Yahoo, YouTube, Skype, AOL, Sprint, AT&T,

Verizon, Apple, Microsoft, PalTalk, and other certain telecommunications and internet

firms and had their telephone calls, internet activities, and/or emails and/or any other

communications made or received through said certain telecommunications and internet

firms, actually recorded and/or listened into by or on behalf of Defendants.

44.     Excluded from the Nationwide Class are the officers, directors, and employees of

Defendants, their legal representatives, heirs, successors, and assigns of Defendants, and

all judges who may ever adjudicate this case.

45.     This action is brought as a class action and may be so maintained pursuant to the

provisions of the Federal Rules of Civil Procedure, Rule 23. Plaintiffs reserve the right to

modify the Nationwide Class.

46.     **Numerosity of the Nationwide Class:** The National Class is so numerous that the

individual joinder of all members, in this or any action is impracticable. The exact

number or identification of Class members is presently unknown to Plaintiffs, but it is

believed that the Class numbers over a hundred million citizens. The identity of Class

members and their addresses may be ascertained from Defendants' records. Class

members may be informed of the pendency of this action by a combination of direct mail

and public notice, or other means, including through records possessed by Defendants.

47.   **Commonality:** There is a well-defined community of interest in the questions of law and

fact involved affecting the members of the Class. These common legal and factual

questions include:

  a.  Whether Defendants' surveillance and gathering of American citizens' telephonic,
      internet, and social media metadata violated Plaintiffs' and Class Members'
      constitutional rights, as guaranteed under the First, Fourth, and Fifth
      Amendments;

  b.  Whether Plaintiffs and Class members are entitled to recover compensatory,
      statutory and punitive damages, whether as a result of Defendants' illegal
      conduct, and/or otherwise;

  c.  Whether Plaintiffs and Class members are entitled to declaratory, injunctive
      and/or equitable relief; and

  d.  Whether Plaintiffs and Class members are entitled to an award of reasonable
      attorneys' fees, pre-judgment interest, and costs of this suit.

48.   **Typicality**: Plaintiffs' claims are typical of the claims of the members of the Class

because Plaintiffs and the Class members are or were a subscriber, consumer, or user of

American citizens who are subscribers, users, and/or consumers of certain

telecommunications and internet firms who have had their telephone calls, internet

activities, and/or emails and/or any other communications actually intercepted, recorded

and/or listened into by or on behalf of Defendants. Plaintiffs and all members of the Class

have similarly suffered harm arising from Defendants' violations of law, as alleged

herein.

49.   **Adequacy**: Plaintiffs are adequate representatives of the Class because their interests do

not conflict with the interests of the members of the Class they seek to represent.

Plaintiffs intend to prosecute this action vigorously. Plaintiffs will fairly and adequately

protect the interest of the members of the Class.

50.     This suit may also be maintained as a class action pursuant to Federal Rule of Civil

Procedure 23(b)(2) because Plaintiffs and the Class seek declaratory and injunctive relief,

and all of the above factors of numerosity, common questions of fact and law, typicality

and adequacy are present. Defendants have acted on grounds generally applicable to

Plaintiffs and the Class as a whole, thereby making declaratory and/or injunctive relief

proper.

51.     **Predominance and Superiority:** This suit may also be maintained as a class action

under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact

common to the Class predominate over the questions affecting only individual members

of the Class and a class action is superior to other available means for the fair and

efficient adjudication of this dispute. The damages suffered by each individual Class

member, depending on the circumstances, may be relatively small or modest, especially

given the burden and expense of individual prosecution of the complex and extensive

litigation necessitated by Defendants' conduct. Furthermore, it would be virtually

impossible for the Class members, on an individual basis, to obtain effective redress for

the wrongs done to them. Moreover, even if Class members themselves could afford such

individual litigation, the court system could not. Individual litigation presents a potential

for inconsistent or contradictory judgments. Individualized litigation increases the delay

and expenses to all parties and the court system presented by the complex legal issues of

the case. By contrast, the class action device presents far fewer management difficulties

and provides the benefits of a single adjudication, economy of scale, and comprehensive

supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Fifth Amendment Violation**
**Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey,**
**Brennan, FBI, CIA, DOJ and NSA**
**(Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics)**

52.     Plaintiffs and the members of the Class repeat and reallege all of the previous allegations

in paragraphs 1 through 51 of this Complaint with the same force and affect, as if fully

set forth herein again at length.

53.     Plaintiffs and the members of the Class enjoy a liberty interest in their personal security

and in being free from the Defendants' use of unnecessary and excessive force or

intrusion against his person.

54.     Plaintiffs and the members of the Class enjoy a liberty of not being deprived of life

without due process of law, as guaranteed by the Fifth Amendment to the U.S.

Constitution.

55.     Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey, Brennan, FBI, CIA,

DOJ and NSA violated Plaintiffs' and the Class members' constitutional rights when they

authorized broad and intrusive collections of records of individuals through the PRISM

and MUSCULAR surveillance programs, thereby giving the Government and themselves

unlimited authority to obtain telephone and internet data for a specified amount of time.

56.     By reason of the wrongful conduct of the Defendants, each and every one of them, jointly

and severally, Plaintiffs and members of the Class suffered and continue to suffer from

severe emotional distress and physical harm, pecuniary and economic damage, loss of

services, and loss of society accordingly.

57.     These violations are compensable under *Bivens v. VI Unknown Named Agents of Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971). As a direct and proximate result of the

intentional and willful actions of Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey, Brennan, FBI, CIA, DOJ and NSA, Plaintiffs and members of the Class demand judgment be entered against Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey, Brennan, FBI, CIA, DOJ and NSA, each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, equitable relief, reasonable attorneys fees, pre-judgment interest, post-interest and costs, and an award in an amount in excess of $20 billion U.S. dollars, and such other relief as the Court may deem just and proper. Plaintiffs and the members of the Class demand declaratory and injunctive and other equitable relief against all of Defendants as set forth below.

### SECOND CLAIM FOR RELIEF
**First Amendment Violation**
**Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey,**
**Brennan, FBI, CIA, DOJ and NSA**
**(Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics)**

58.  Plaintiffs and members of the Class repeat and reallege all of the previous allegations in paragraphs 1 through 57 of this Complaint with the same force and affect, as if fully set forth herein again at length.

59.  Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey, Brennan, FBI, CIA, DOJ and NSA, acting in their official capacity and personally, abridged and violated Plaintiffs' and Class members' First Amendment right of freedom of speech and association by significantly minimizing and chilling Plaintiffs' and Class members' freedom of expression and association.

60.  Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey, Brennan, FBI, CIA, DOJ and NSA's acts chill, if not "kill," speech by instilling in Plaintiffs, members of the

18

Class, and over a hundred million of Americans the fear that their personal and business conversations with other U.S. citizens and foreigners are in effect surveilled, tapped, and illegally surveyed.

61.     In addition, Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey, Brennan, FBI, CIA, DOJ and NSA, acting in their official capacity and personally, violated Plaintiffs' and Class members' right of freedom of association by making them and others weary and fearful of contacting other persons and entities via cell phones, the internet, or through social media out of fear of the misuse of Government power and retaliation against these persons and entities who challenge the misuse of Government power.

62.     By reason of the wrongful conduct of these Defendants, Plaintiffs and members of the Class suffered and continue to suffer from severe emotional distress and physical harm, pecuniary and economic damage, loss of services, and loss of society accordingly.

63.     These violations are compensable under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

64.     As a direct and proximate result of the intentional and willful actions of Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey, Brennan, FBI, CIA, DOJ and NSA, Plaintiffs and members of the Class demand that judgment be entered against Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey, Brennan, FBI, CIA, DOJ and NSA, each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, equitable relief, reasonable attorneys fees, pre-judgment interest, post-interest and costs, and an award in an amount in excess of $20 billion U.S. dollars and such other relief as the Court may deem just and proper.

## THIRD CLAIM FOR RELIEF
### Fourth Amendment Violation
### Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey,
### Brennan, FBI, CIA, DOJ and NSA
### (Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics)

65.    Plaintiffs and members of the Class repeat and reallege all of the previous allegations in

paragraphs 1 through 64 of this Complaint with the same force and affect, as if fully set

forth herein again at length.

66.    The Fourth Amendment provides in pertinent part that people have a right to be secure in

their persons against unreasonable searches and seizures, that warrants shall not be issued

but upon probable cause, and that the place of search must be described with

particularity.

67.    Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey, Brennan, FBI, CIA,

DOJ and NSA, acting in their official capacities and personally, violated the Fourth

Amendment to the U.S. Constitution when they unreasonably searched and seized and

continue to search Plaintiffs' and Class members' phone records and electronic

communications without reasonable suspicion or probable cause.

68.    Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey, Brennan, FBI, CIA,

DOJ and NSA, acting in their official capacity and personally, violated the Fourth

Amendment to the U.S. Constitution by not describing with particularity the place to be

searched or the person or things to be seized.

69.    In fact, the blanket and vastly overbroad surveillance program by the NSA, acting on

behalf of the federal Government and therefore Defendant Obama, as he is the chief

executive of the federal Government, as well as the other Defendants, does not state with

any particularity who and what may be searched.

70.     The collection and production of the phone, internet, and social media records allows Defendants including the FBI, CIA, and NSA to easily and indiscriminately build a comprehensive picture and profile of any individual contacted, how and when he or she was contacted, and possibly from where, retrospectively and into the future.

71.     By reason of the wrongful conduct of Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey, Brennan, FBI, CIA, DOJ and NSA, Plaintiffs and members of the Class suffered and continue to suffer from severe emotional distress and physical harm, pecuniary and economic damage, loss of services, and loss of society accordingly.

72.     These violations are compensable under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As a direct and proximate result of the intentional and willful actions of Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey, Brennan, FBI, CIA, DOJ and NSA, Plaintiffs and members of the Class demand judgment be entered against Defendants Obama, Holder, Alexander, Vinson, Clapper, Comey, Brennan, FBI, CIA, DOJ and NSA each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, equitable relief, reasonable attorneys fees, pre-judgment interest, post-interest and costs, and an award in an amount in excess of $20 billion U.S. dollars and such other relief as the Court may deem just and proper.

## PRAYER FOR RELIEF

73.     Plaintiffs and Class members demand that judgment be entered against Defendants, each and every one of them, jointly and severally, for compensatory and actual damages because of Defendants' illegal actions causing this demonstrable injury to Plaintiffs and Class members, punitive damages because of Defendants' callous, reckless indifference

and malicious acts, and attorneys fees and costs in an amount in excess of $20 billion U.S. dollars and such other relief the Court may deem just and proper.

74. Plaintiffs and Class members demand declaratory, equitable and injunctive relief for their injuries in the following ways: (1) a cease and desist order to prohibit this type of illegal and criminal activity against Plaintiffs, Class members, and other U.S. citizens from occurring now and in the future; (2) that all Plaintiffs' and Class members' phone, internet, and social media records and communication records, whether telephonic or electronic, be returned to the provider and expunged from federal Government records; and (3) a full disclosure and a complete accounting of what each Defendant as a whole has done and allowed the DOJ, CIA, FBI, and NSA to do.

## JURY DEMAND

**Plaintiffs respectfully demand a jury trial on all issues so triable.**

Dated: January 23, 2014

Respectfully submitted,

Larry Klayman, Esq.
D.C. Bar No. 334581
2020 Pennsylvania Ave. NW, Suite 800
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

Attorney for Plaintiffs and the Class