# Exhibit 4



# OFFICE OF BAR COUNSEL
THE BOARD ON PROFESSIONAL RESPONSIBILITY
DISTRICT OF COLUMBIA COURT OF APPEALS

**BAR COUNSEL**
Leonard H. Becker

**DEPUTY BAR COUNSEL**
Wallace E. Shipp, Jr.

515 Fifth Street, N.W.
Building A, Room 127
Washington, D.C. 20001-2797
(202) 638-1501
FAX (202) 638-0862

September 4, 1998

**CONFIDENTIAL**

Larry Klayman, Esquire
  c/o David Barmak, Esquire
Sherman, Meehan, Curtin & Ain
Suite 600
1900 M Street, N.W.
Washington, D.C. 20036

                                         Re:   Klayman/Bar Counsel
                                                   Bar Docket No. 122-98

Dear Mr. Klayman:

      This office has completed its investigation in the above-referenced matter. We have evaluated this matter in light of an attorney's obligations as set forth in the District of Columbia Rules of Professional Conduct ("Rules"). It is the burden of our office to find clear and convincing evidence of a violation of the Rules in order to institute disciplinary proceedings against an attorney. "Clear and convincing" evidence is more than a mere preponderance of the evidence, which would be sufficient in a civil proceeding. We do not find such evidence in our investigation and therefore, we must dismiss the matter.

      This matter was docketed for investigation on review of an article in the October 6, 1997 edition of The New Republic. The article identifies two instances in which sanctions were imposed against you in connection with court proceedings. In one matter, it was reported that the United States Court of International Trade ("CIT") had ordered you to pay $1,500 in sanctions for "frivolous filings." In the second matter, it was reported that Judge William Keller of the United States District Court for the Central District of California sanctioned you for a "pattern of misconduct" that resulted in an order that your firm pay more than $20,000 in legal expenses to the opposing party.

Larry Klayman, Esquire
Bar Docket No. 122-98
Page 2

We sent a copy of the article to you and requested a response, which we received, through counsel, on May 11, 1998. You deny any misconduct and provide an explanation of the facts and circumstances involved in both matters.

You state that the CIT matter involved your representation of one of several parties adversely affected by the results of an antidumping investigation. The CIT's rules require that a party seeking to initiate such a challenge file a summons first and a complaint within 30 days. An associate assigned to the matter filed the summons but inadvertently failed to file the complaint within the required time. When the matter came to your attention, you filed the complaint after the expiration of the 30-day period, believing that the filing was warranted by existing law and a good-faith argument for modification of existing law. When the defendant moved to dismiss, you filed an opposition. The CIT granted the motion to dismiss, while allowing your client to intervene in a challenge to the same antidumping investigation brought by another adversely affected party. On May 26, 1994, the CIT imposed a $1,500 sanction.

In the matter before Judge Keller, you represented a Tiawanese manufacturing firm and its owner in a patent and trademark case. You believe that Judge Keller was biased against you and your clients, and provide a series of affidavits alleging inappropriate treatment by Judge Keller. You advise that your client could not afford to obtain a copy of the trial transcript and that the United States Court of Appeals for the Federal Circuit (the "Federal Circuit") affirmed the sanctions award without a full record.

We have reviewed the orders of the CIT and the Federal Circuit with respect to these matters. You correctly note that neither court referred the findings for investigation by the District of Columbia Bar or any other Bar. The CIT in its opinion confirms that the failure to file the complaint within the required time was the result of a flaw in your associate's research of the matter. The CIT further found it was not unreasonable for you to attempt to proceed with the late filing in order to attempt to preserve your client's cause of action. The CIT further concluded that ultimately no harm befell the client.

The Federal Circuit, in affirming sanctions, described your misconduct as a failure to provide advance written notice of evidence that you intended to use at trial, to have a witness appear in court on the appointed day after the trial court had granted an extension of time to allow the witness to travel from Taiwan, or to file a timely request for jury trial on patent issues after waiving jury trial on such issues at a pre-trial status conference. Judge Keller also expressed frustration with your practice of continuing to speak after he had requested silence.

The ethical rules governing attorneys require the attorney to act as a zealous advocate on behalf of the client (Rule 1.3(a)) and prohibit the attorney to engage in frivolous litigation (Rule 3.1). Here, we lack clear and convincing evidence that, in any instance, you intentionally engaged

Larry Klayman, Esquire
Bar Docket No. 122-98
Page 3

in frivolous litigation. The attempt to file the complaint in the CIT matter involved an effort to correct a mistake of an associate and did not result in any ultimate harm to the client. The various instances of misconduct found by Judge Keller and affirmed by the Federal Circuit involved isolated procedural mistakes in the context of lengthy, acrimonious litigation. Discipline has been imposed for filing and maintaining frivolous litigation where the misconduct involved repeated filings devoid of any arguable merit. Cf. In re Solerwitz, 575 A.2d 287 (D.C. 1990) (reciprocal public censure based on one-year Federal Circuit suspension for filing series of frivolous appeals, repeatedly violating court orders, consistently failing to follow procedural rules and otherwise interfering with work of court). We conclude that the instances of misconduct on the present record do not rise to the level of clear and convincing evidence of an ethical violation.

We trust that this letter adequately advises you of the basis of our decision to dismiss this matter. We thank you for your cooperation with our inquiry.

Sincerely,

Michael S. Frisch
Senior Assistant Bar Counsel

MSF:dcw