**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LARRY KLAYMAN, *et al.*,** **Plaintiffs,** **v.** **NATIONAL SECURITY AGENCY, *et al.*,** **Defendants.** | ) | **Civil Action No. 14-92 (RJL)** |

FILED
MAR 2 8 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**ORDER**
(March 27, 2018)

On January 23, 2014, plaintiffs, Larry Klayman, Charles Strange, Mary Ann Strange, Matt Garrison, and Michael Ferrari, filed the instant action against four federal agencies—the National Security Agency ("NSA"), the Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), and the Central Intelligence Agency ("CIA")—as well seven individuals—former President Barack Obama, former U.S. Attorney General Eric Holder, former Director of the NSA Keith Alexander, Federal Judge Roger Vinson, former Director of National Intelligence ("DNI") James Clapper, former DNI John Brennan, and former Director of the FBI James Comey. *See* Compl. [Dkt. #1] ¶¶ 10–25. Plaintiffs allege that defendants have all violated their First, Fourth, and Fifth Amendment rights by unconstitutionally surveilling them and collecting their personal records. *See id.*

at ¶¶ 1–9. Plaintiffs are also attempting to certify a class of American citizens whose communications were recorded or listened to by defendants, in violation of their constitutional rights. *See id.* at ¶ 43; Motion to Certify Class [Dkt. #6].

Plaintiffs filed this case as related to two other cases in which named plaintiff Larry Klayman has sued defendants for alleged unconstitutional government surveillance. *See Klayman v. Obama*, No. 13-cv-851 (D.D.C. June 6, 2013) ("*Klayman I*"); *Klayman v. Obama*, No. 13-cv-881 (D.D.C. June 12, 2013) ("*Klayman II*"). On November 21, 2017, however, I dismissed *Klayman I* and *Klayman II* for several jurisdictional defects, including lack of standing, mootness, and lack of jurisdiction based on sovereign immunity. *See Klayman v. National Security Agency*, Civ. A. Nos. 13-851(RJL), 13-881(RJL), 2017 WL 5635668 (Nov. 21, 2017).

Upon review of the pleadings in this case, it appeared to this Court that plaintiffs' claims suffer from the same jurisdictional defects as the claims I dismissed in *Klayman I* and *Klayman II*. Accordingly, on February 21, 2018, I ordered plaintiffs to show cause in writing, within 30 days, why this case should not be dismissed for the same reasons stated in my memorandum opinion in *Klayman*, 2017 WL 5635668. *See* 2/21/18 Order [Dkt. #53].

On March 20, 2018, plaintiff Klayman responded to that order, "urg[ing] this Court to not also dismiss this action and to vacate its recent dismissal in *Klayman I*, *Klayman II*, and *Klayman IV*."[1] *See* Resp. to Order of the Court [Dkt. #54] 3. But nowhere in his

[1] *Klayman IV* refers to *Montgomery v. Comey*, Civ. A. No. 17-1074 (RJL), 2018 WL 1158004 (D.D.C. Mar. 5, 2018), which Klayman filed as related to *Klayman I*, *Klayman*

response did Klayman address the jurisdictional defects this Court raised or otherwise address why this case should not be dismissed. Instead, Klayman accused this Court of being "coopted by the so called 'Deep State'" into ruling against him. *Id.* at 2. Unfortunately for plaintiffs, such baseless accusations are no substitute for a well-pleaded complaint.

Accordingly, upon due consideration of the entire record herein, it is hereby **ORDERED** that this case is **DISMISSED** pursuant to Local Rule 83.23.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge

---

*II*, and *Klayman III*. In *Montgomery*, Klayman and another plaintiff sued defendants for, *inter alia*, First and Fourth Amendment violations, conversion, and fraudulent misrepresentation. *Id.* at *1. On March 5, 2018, I denied Klayman's motion for a preliminary injunction in that case, granted defendants' motions to dismiss and motion for partial summary judgment, and dismissed the case with prejudice. *Id.*